RULEY, JUDGE:
At about 4:15 a.m. on November 28, 1980, Carlene Evans, daughter of the claimant, was driving claimant’s 1979 Chevrolet Chevette on Campbell’s Creek Drive in Kanawha County when she encountered a trench three feet wide and eight inches deep extending across the roadway. Miss Evans entered the trench, causing considerable damage to the car. Claimant contends that negligence on the part of the State was the cause of this accident, and seeks to recover $892.69.
According to her testimony, Miss Evans was travelling at approximately 12 miles per hour with her headlights on low beam and her foot on the brake. The trench was located in a straight section of the road, and Miss Evans knew of its existence. She had been driving over that particular road for ten years prior to the accident.
James M. Mills, a project supervisor for the respondent, testified that the trench had been dug by State Construction Co., Inc., for drainage purposes. An 18" corrugated pipe had been placed in the trench and it had been backfilled with compacted stor.e to the level of the pavement. Mr. Mills inspected the trench on November 26, 1980, less than two days before the accident, and found it to be in satisfactory condition.
From the testimony of Mr. Mills, it was clear that the Department of Highways had been inspecting the area regularly and had no prior knowledge of the dangerous condition that existed on the morning of November 28, 1980. Thus, we cannot find the State guilty of any negligence with regard to the maintenance of the trench.
*122 Further, in view of Miss Evans’ testimony that she was quite familiar with the road and that she was aware of the trench, the Court is of the opinion that her own negligence was, in large part, the cause of the accident. While Miss Evans claimed that she was exercising proper caution, the Court is compelled to believe that, if she were travelling only 12 miles per hour and had been maintaining a reasonable lookout, she would have perceived the dangerous depth of the trench and been able to stop before entering it.
This Court consistently has followed the decisions of the West Virginia Supreme Court of Appeals in holding that the State is not an insurer of the safety of persons travelling upon its highways, and its duty to travellers is a qualified one, namely, reasonable care and diligence in the maintenance of highways. Accordingly, this claim must be denied.
Claim disallowed.